# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANA L. MOSLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-CV-517-SAJ |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER[1]

Pursuant to 42 U.S.C. § 405(g), Plaintiff appeals the decision of the Commissioner denying Supplemental Security Income benefits under Title XVI of the Social Security Act. Plaintiff asserts that the ALJ erred in failing to fully develop the record relating to Plaintiff's mental limitations when he refused to order a mental consultative examination before issuing his decision finding Plaintiff was not disabled at Step Four of the sequential evaluation process. For the reasons discussed below, the Court affirms the decision of the Commissioner.

## 1. FACTUAL AND PROCEDURAL HISTORY

Plaintiff, Dana L. Mosley, was born on January 1, 1965, and was 41 at the time of the hearing. [R. 70]. She completed the sixth grade. [R. 118]. She has past relevant work as a house cleaner. [R. 72, 301]. She alleges that she has been disabled since August 15, 2002, due to hepatitis C, depression, and anxiety.

---

[1] This Order is entered in accordance with 28 U.S.C. § 636(c) and pursuant to the parties' Consent to Proceed Before United States Magistrate Judge.

Plaintiff was diagnosed with hepatitis C based on a positive result on an antibody screening laboratory test in October 2002. [R. 175]. On October 18, 2003, her treating physician, Dr. Richard Tidwell, noted that Plaintiff experienced pressure-like feelings in her chest and shortness of breath, and she had some mood swings. Dr. Tidwell also noted Plaintiff continued to have some anxiety and crying spells, but with improvement in those symptoms. [R. 167]. In June 2006, Plaintiff was hospitalized for an acute exacerbation of hepatitis C, related to her use of intravenous methamphetamine several days earlier. [R. 227-28]. In August 2006, Plaintiff was treated at the Tulsa Center for Behavioral Health, with complaints of increased stress, suicidal ideation, and anxiety with panic attacks. She was diagnosed with major depressive disorder, recurrent and moderate, and anxiety. [R. 242-46].

Plaintiff protectively filed an application for Supplemental Security Income benefits on January 8, 2004. [R. 73]. The Commissioner initially denied her application on May 14, 2004, [R. 50-52] and, on reconsideration, denied it again on October 21, 2004. [R. 57-59]. She then filed a Request for Hearing Before an ALJ on November 24, 2004, [R. 60] and ALJ John Volz held a hearing on November 9, 2006. [*See* R. 293-320]. On December 7, 2006, ALJ Volz concluded that Plaintiff had not been under a disability, as defined by the Social Security Act, from January 8, 2004, through the date of his decision. [R. 17]. Plaintiff then filed a Request for Review of Hearing Decision on February 7, 2007, [R. 9] and the Appeals Council denied her request on July 18, 2007. [R. 5-8]. Plaintiff now seeks judicial review.

## **2. SOCIAL SECURITY LAW AND STANDARD OF REVIEW**

The Commissioner has established a five-step process for the evaluation of social security claims. *See* 20 C.F.R. § 416.920. Disability under the Social Security Act is defined as the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . .

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only if his

> physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy. . . .

42 U.S.C. § 423(d)(2)(A).[2]

The Commissioner's disability determinations are reviewed to determine (1) if the correct legal principles have been followed, and (2) if the decision is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Bernal v. Bowen*, 851 F.2d 297, 299 (10th

---

[2] Step One requires the claimant to establish that she is not engaged in substantial gainful activity (as defined at 20 C.F.R. §§ 416.910 and 416.972). Step Two requires that the claimant demonstrate that she has a medically severe impairment or combination of impairments that significantly limit her ability to do basic work activities. *See* 20 C.F.R. § 416.921. If the claimant is engaged in substantial gainful activity (Step One) or if the claimant's impairment is not medically severe (Step Two), disability benefits are denied. At Step Three, the claimant's impairment is compared with those impairments listed at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the "Listings"). If a claimant's impairment is equal or medically equivalent to an impairment in the Listings, the claimant is presumed disabled. If a Listing is not met, the evaluation proceeds to Step Four, where the claimant must establish that her impairment or the combination of impairments prevents her from performing her past relevant work. A claimant is not disabled if the claimant can perform her past work. If the claimant is unable to perform her previous work, the Commissioner has the burden of proof (Step Five) to establish that the claimant, in light of her age, education, and work history, has the residual functional capacity ("RFC") to perform an alternative work activity in the national economy. If a claimant has the RFC to perform an alternate work activity, disability benefits are denied. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Cir. 1988); *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).

The Court, in determining whether the decision of the Commissioner is supported by substantial evidence, does not examine the issues *de novo. Sisco v. United States Dept. of Health and Human Services*, 10 F.3d 739, 741 (10th Cir. 1993). The Court will "neither reweigh the evidence nor substitute its judgment for that of the Commissioner." *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000); *see Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994). The Court will, however, meticulously examine the entire record to determine if the Commissioner's determination is rational. *Williams*, 844 F.2d at 750;*Holloway v. Heckler*, 607 F. Supp. 71, 72 (D. Kan. 1985).

"The finding of the Secretary[3] as to any fact, if supported by substantial evidence, shall be conclusive, . . ." 42 U.S.C. § 405(g). Substantial evidence is that amount and type of evidence that a reasonable mind will accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Williams*, 844 F.2d at 750. In terms of traditional burdens of proof, substantial evidence is more than a scintilla, but less than a preponderance. *Perales*, 402 U.S. at 401. Evidence is not substantial if it is overwhelmed by other evidence in the record. *Williams*, 844 F.2d at 750.

This Court must also determine whether the Commissioner applied the correct legal standards. *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994). The Commissioner's decision will be reversed when he uses the wrong legal standard or fails to clearly demonstrate reliance on the correct legal standards. *Glass*, 43 F.3d at 1395.

---

[3] Effective March 31, 1995, the functions of the Secretary of Health and Human Services ("Secretary") in social security cases were transferred to the Commissioner of Social Security. P.L No. 103-296. For the purposes of this Order, references in case law to "the Secretary" are interchangeable with "the Commissioner".

### 3. ADMINISTRATIVE LAW JUDGE'S DECISION

In his decision, the ALJ determined that (1) Plaintiff had not engaged in substantial gainful activity at any time relevant to his decision; (2) Plaintiff's impairments, which consist of hepatitis C and anxiety, are "severe"; (3) Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1; (4) Plaintiff has the residual functional capacity for light work, with moderate limitations on her concentration, persistence and pace due to chronic pain; and (5) Plaintiff is capable of performing her past relevant work as a house cleaner. [R. 15-17]. Accordingly, the ALJ concluded that Plaintiff had not been under a disability, as defined by the Social Security Act, at any time from January 8, 2004, through the date of his decision. *Id.*

### 4. REVIEW

### A.   The ALJ's Failure to Order a Consultative Examination

Plaintiff's single contention of error is that the ALJ should have ordered a mental consultative examination, which Plaintiff contends was promised, but never performed, prior to her hearing. The State disability determination agency had scheduled a mental consultative examination for Plaintiff, but Plaintiff did not attend that examination. When Plaintiff responded to the agency's letter about missing her mental consultative exam, the agency employee reminded Plaintiff that she had a physical examination scheduled for later that same day. Plaintiff assured the agency employee that she would attend the physical examination appointment, but she also failed to show up for that examination. [R. 120-21]. The agency did not reschedule the mental consultative examination for Plaintiff.

At the hearing, Plaintiff's attorney twice asked the ALJ to order a rescheduled mental consultative examination, but the ALJ twice refused, citing Plaintiff's failure to attend the previously-scheduled mental and physical consultative examinations. [R. 298-99, 319]. Plaintiff now alleges that the ALJ erred in failing to carry through with the State disability determination agency's "promise" that Plaintiff's mental consultative examination would be rescheduled.

The Commissioner's regulation provides that a claimant who fails to take part in a scheduled consultative examination without "good reason" may be found not disabled. 20 C.F.R. § 416.918(a). The regulation requires the claimant who, for "any reason" cannot attend the scheduled consultative examination, to notify the State agency disability determination agency "as soon as possible before the examination date." *Id.* However, the regulation also specifies that the claimant must have a "good reason" for missing the scheduled examination in order to have that examination rescheduled. Examples of "good reasons" listed in the regulation include the claimant's illness, serious illness or death in the claimant's immediate family or the claimant's failure to receive a timely, correct or complete notice of the scheduled examination. 20 C.F.R. § 416.918(b)(1-4).

Plaintiff did not allege any of the listed "good reasons" for missing her mental consultative examination. Plaintiff told the disability determination agency employee that she "had court the day of [the consultative examination]." The record of the agency employee's conversation indicates Plaintiff asked to have the examination rescheduled, and the agency employee informed Plaintiff the examination could only be rescheduled once. The agency's record of the conversation shows Plaintiff "indicated understanding" of the rescheduling policy. [R. 121]. While the record shows that Plaintiff "agreed" to keep

6

a rescheduled mental consultative examination, she "also agreed to keep" the physical examination scheduled for later that same day. [R. 120, 221]. The agency employee confirmed four days later that Plaintiff also failed to attend the scheduled physical examination . The record does not show that Plaintiff ever contacted the disability determination agency to explain why she did not attend the scheduled physical examination, or to inquire about if, and when, the mental consultative examination would be rescheduled.

At the hearing, Plaintiff testified that she did not attend the consultative examinations because she did not have transportation.  She could not recall if she informed the disability determination agency of her lack of transportation to get to the examinations. [R. 298]. While Plaintiff now relies on her lack of transportation as her reason for not attending either of the two examinations, she did not give that as  the reason at the time she missed those examinations.

The Commissioner cites his Program Operations and Management System ("POMS") rule DI 22510.019 as providing further guidance on whether a missed consultative examination should be rescheduled.  That rule provides that if the claimant has a "good reason for failure to attend the initial [consultative examination]" such as "death in the family [or] transportation problems" and agrees to attend a second consultative examination, the agency employee will reschedule the examination.  However, as noted, Plaintiff did not tell the agency employee that she had transportation problems[4] when she

---

[4]The Commissioner's regulations provide that a claimant may obtain payment in advance for travel expenses incurred in traveling to a consultative examinations if the claimant requests such prepayment and shows that "the requested advance is reasonable and necessary."  20 C.F.R. § §404.999a - 404.999d.

7

asked to have the mental consultative examination rescheduled, and when she promised to attend the physical examination scheduled for that same day.

Plaintiff contends that the Commissioner's regulations give her a second opportunity for a consultative examination, but the regulations clearly require her to provide a "good reason" for missing the initially scheduled examination as a prerequisite to rescheduling a second examination. Plaintiff's failure to provide a "good reason" for missing the second scheduled consultative examination, which she promised to keep, understandably makes her "agreement" to keep a rescheduled mental examination questionable. The ALJ cannot be faulted for relying on Plaintiff's failure to keep two previously scheduled consultative examinations as a reason to believe that she would be more cooperative in the future.[5]

At the hearing, Plaintiff's attorney stated that, "for the court to make an informed decision they're going to need to have a consultative examination" because Plaintiff had not had any treatment for her depression. The ALJ then pointed out that he had records from Plaintiff's treatment at Tulsa Center for Behavioral Health in August 2006 that addressed her mental impairments. [R. 299]. Plaintiff's attorney did not raise any arguments or issues at the hearing as to what additional information a mental consultative examination would provide in Plaintiff's case. The Tenth Circuit has required the ALJ to develop the record "consistent with the issues raised,"[6] but Plaintiff has not alleged any

---

[5] *See, Walker v. Barnhart,* 172 Fed. Appx. 423, 428 (3rd Cir. 2006)(where claimant repeatedly failed to attend scheduled consultative examinations, the ALJ was justified in concluding there was no reason to believe the claimant "would be more cooperative in the future.").

[6] *See, Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 360-61 (10th Cir. 1993) (ALJ is responsible in every case "to ensure that an adequate record is developed during the disability hearing consistent with the issues raised.").

factual issue exists for which the ALJ should have further developed the record by ordering a mental consultative examination. The ALJ found that Plaintiff's anxiety was a "severe" impairment which "would significantly affect her ability to engage in work activities." [R. 16]. The ALJ included "moderate limitations" in concentration, persistence and pace from her anxiety in his RFC assessment [R. 17], and in his hypothetical question to the vocational expert, who then testified that Plaintiff could return to her past relevant work as a housekeeper, even with those moderate limitations. [R. 318]. Plaintiff has not pointed to any errors in the ALJ's decisions at Steps Two and Four, and has not suggested that rescheduling a mental consultative examination would change any of the ALJ's findings at those two steps to Plaintiff's advantage.

Accordingly, the Commissioner's decision is **AFFIRMED**.

IT IS SO ORDERED this 3rd day of October, 2008.

Sam A. Joyner
United States Magistrate Judge